James. Mr. Lewis, good morning. You have five minutes. You can begin whenever you're ready. Good morning, Judge Bianco, Judge Pierce, Judge Walker. I'm Alan Lewis of Carter, Ledyard, and Milburn for the movement. Mr. McCord, given our limited time, I will start with Mr. McCord's Sixth Amendment claim and explain why its merits are at least debatable and therefore satisfy the modest standard for issuance of a certificate of appealability. That claim, as you know, challenges the State court order allowing McCord to act as his own trial lawyer on the ground that the trial court never discerned what, if anything, McCord understood about his post-trial sentencing risk. Now, predictably, Respondents take the position that that claim is not viable, and they make two arguments. The first, their first argument is that there's no Supreme Court law requiring a Feretta waiver to encompass knowledge and understanding of sentencing risk. But on that point, there's clearly a raging debate. Judge Codal in the Rodriguez case. There's a debate with this Court because we said in Dalio v. Spitzer, it's not clearly established law that the Supreme Court requires these warnings. So it's in the exact context that we're here, a habeas petition, whether or not there's clearly established law. And we said in Dalio that these, you know, we strongly urge courts to use them, but it's not clearly established federal law as determined by the Supreme Court for purposes of habeas. So we'd have to overrule Dalio to agree with you, wouldn't we? And in that, we said in another case, United States v. 4, our case law does not require an explicit accounting of the potential punishment in a Feretta discussion, and we've declined to create the requirement. So not only did we say the Supreme Court hasn't created that requirement, we've declined to create that requirement. So if I recall correctly, Dalio v. Spitzer is before Iowa v. Tovar, where the Supreme Court very clearly used the phrase referring to knowledge of sentencing risk as part of the standard for measuring a valid waiver. Well, for example, Tovar involved a pro se defendant who was pleading guilty. So obviously, when you're pleading guilty, knowing the potential punishments is important, not just when you're pro se, but overall. So the circumstances were different, and the Supreme Court said in that case the information a defendant must possess would depend on a range of case-specific factors, and then it referred to the Feretta instructions as instructive. So I don't think Tovar said that you must in all contexts advise of the potential punishment or it doesn't comply with Feretta. I can't – you can't read Tovar to say that. But in this case, nothing was discerned, nothing at all about McCord's knowledge of the sentencing risk. No other risks were covered, right? There were risks of other – the other disadvantages of representation were covered, right? Sure. But what Feretta drives at is making sure that before a person makes the momentous decision to act as their own lawyer, they understand what the biggest risks are. And certainly, the kind of jail sentence you might be exposed to, that kind of risk is among the most important risks anyone would want to know about. To take an example, if I got a ticket for going through a red light and I thought I might get a $100 fine, I might walk into traffic court and represent myself. But if I understood that the traffic court could take away my license for five years, I'd make a different decision. I mean, that he understood that there was reference to him facing a life sentence, you know, at other portions of the proceeding, what's your response to that? We can't make waiver-favoring presumptions. I'd quote the Third Circuit in Moskowitz on that point, where there was a waiver inquiry that was in all respects perfect. There was a detailed colloquy that was a model of fairness. But because the Court failed to inform Moskowitz of the range of punishments he faced, that error standing alone deprived the defendant of the Sixth Amendment rights. In Torres, this Court cited Moskowitz and explained that Moskowitz held that it was invalidating a waiver because the district court did not inform the pro se defendant of the range of punishments he faced on retrial. Listen, in many circuits, courts have held that Tovar or Feretta require some knowledge, some basic knowledge of sentencing risk. So in spite of Dalio v. Spitzer, there remains a genuine debate here over whether something must be in a waiver inquiry about the risk of sentencing to make the waiver knowing and understanding. As for the ---- I think we know the rest of the arguments.  Thank you. Thanks. All right. We'll hear from Mr. Hellman. May it please the Court. My name is Solomon Newbart of the Kings County District Attorney's Office, and I represent ---- I'm sorry. I had your name wrong, Mr. Newbart. I had the wrong slip in front of me. Good morning. I represent the respondents. I would just first point out that the defendant's reliance on Moskowitz is not on point because Moskowitz was a Federal defendant. And the question before this Court is whether a State court is bound by Tovar or statements made in Tovar or statements made in earlier cases by the Supreme Court. And so there has to be, for a defendant to prevail, a State prisoner to prevail, there has to be a clear holding of the Supreme Court. Now, of course, dictum by the Supreme Court is persuasive for Federal courts, but it's not binding on State courts. So the defendant's reliance on Moskowitz is simply beside the point. The Supreme Court in Tovar, which the defendant is relying on and saying that anything that this Court said prior to Tovar doesn't matter because Tovar changed the law, well, this is what Tovar said about the law. Quote, we have described a waiver of counsel as intelligent when the defendant knows what he is doing and his choice is made with open eyes. We have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. So Tovar was not changing anything. The holding in Tovar was, as the Supreme Court said, the sole question before us is whether the Sixth Amendment compels the two admonitions. Here in controversy, we hold it does not. There in Tovar, the question was the State court did not tell the defendant in waiving his right to counsel that if he waives his right to counsel, he won't have counsel to advise him on whether to plead guilty, and that if he represents himself at trial, he won't have counsel to tell him about defenses that he may have overlooked. The Court said you don't have to give that advice to get a counsel waiver. So that was the holding, and the Court said that again on page 94. We note, finally, the States are free to adopt by statute, rule, or decision any guides to the acceptance of an uncounseled plea they deemed useful. We hold only that the two admonitions that the Iowa Supreme Court ordered are not required by the Federal Constitution. That was the holding. The defendant cites to the Ninth Circuit Court saying, well, there's another place in the decision where the Court speaks about the holding, and this is what they said on page 80. We hold that neither warning is mandated by the Sixth Amendment. So three times they say that the holding is what you don't have to do, not what you do have to do. The Supreme Court then went on and said the constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and the range of allowable punishments upon the entry of a guilty plea. But what the Supreme Court did not say is that that's the only way you can satisfy it, or anything less would be unsatisfactory, or that there can't be any substitutes to it. And even if they did say that, that wouldn't be the holding, because the holding in the case is that the admonitions that the defendant was complaining about were not required. In fact, this Court in the ALO said in a footnote, although we recognize that in Feretta, the Court did not conclude that defendant's waiver of the right to counsel was knowing involuntary, and did cite the trial judge's warning to Feretta that self-representation was a mistake, as supportive of that conclusion, we do not recognize that the defendant We do not understand every identification of a factor relevant to the assessment of a knowing and intelligent waiver of a constitutional right to establish the factor as a prerequisite to a valid waiver. So this Court says not every time the Supreme Court says this is sufficient means that that's the only way it can be sufficient and nothing else can be sufficient. And in this case, the Court three times at great length spoke to the defendant about waiving his right to counsel. At one point, the first time the Court went through it with him at length, the defendant at the end decided that he didn't want to waive his right to counsel. And the Court told him that was a good idea. It would have been foolish to waive your right to counsel. So the Court told him at great length not to waive his right to counsel. The Court told him about the risks of going without counsel. And the defendant knew that he could always change his mind. In fact, the defendant did change his mind because at the end of trial, when he lost and realized how foolish it was to go to trial without counsel, he had himself represented by counsel at sentencing.  Thank you. Thank you.  Thank you, Mr. Lewis. A reserved decision. Have a good day.